PER CURIAM.
Panagiotakis timely appeals the summary denial of his motion for postconviction relief. We affirm.
The trial judge summarily denied Panagiotakis’ motion because he believed it to be a successive motion. However, Pana-giotakis’ prior postconviction, relief motion *346 was filed with respect to a different case. Therefore, the trial judge incorrectly denied the motion as successive. After considering Panagiotakis’ claims, we nevertheless affirm.
Panagiotakis claims that his counsel was ineffective in failing to raise due process and objective entrapment defenses. The facts presented to support this allegation do not establish that these were viable defenses. Consequently, counsel’s performance was not deficient; therefore, Pana-giotakis is' not entitled to relief on that claim. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Similarly, Panagiotakis does not set forth facts to support his contention that his counsel was ineffective in failing to interview the police informant. Strickland.
Finally, Panagiotakis’ claim that the trial judge erred in failing to sua sponte dismiss the information on the basis of objective entrapment could have been raised on direct appeal and is therefore procedurally barred. See Medina v. State, 573 So.2d 293 (Fla.1991).
Affirmed.
DANAHY, A.C.J. and PATTERSON and ALTENBERND, JJ., concur.