COVINGTON, Judge.
Maly Keo challenges the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 8.850. In her motion, Keo raised multiple grounds for relief. We affirm without comment the summary denial of all of Keo’s claims except for one. That claim concerns the allegation that Keo’s counsel was ineffective for advising her to enter a plea without reviewing documents she gave to him that would have constituted a valid defense. We find that Keo stated a sufficient claim under this ground, which the trial court did not refute in its order. We therefore reverse and remand.
In support of her allegation that counsel was ineffective, Keo detailed the information and documents provided to counsel that would have established a defense to the charges. That information included: (a) that the alleged victims had been repaid all they were owed; (b) that the business matters that were the subject of the charges were conducted at arms length; (c) that the alleged victims had falsified documents upon which the charges were based and had charged usurious and illegal interest in the transactions; and (d) that Keo lacked any fraudulent intent in any of the transactions that were the subject of the charges.
The trial court, relying on Panagiotakis v. State, 619 So.2d 345 (Fla. 2d DCA 1993), found Keo’s claim facially insufficient. Panagiotakis, however, cannot be read to require more than what Keo detailed in her rule 3.850 motion. Keo averred that she lacked any fraudulent intent and provided counsel with documents and information to corroborate her claim. Moreover, she claimed that the alleged victims had falsified documents upon which • the charges rested. These allegations were sufficient under Panagiotakis, 619 So.2d at 345, because the information established a reasonable probability that Keo would be exonerated. The reasonable probability test does not require Keo to prove that she would have been acquitted, as the trial court suggested.
Despite finding Keo’s allegations facially insufficient, the trial court reviewed the content of the documents and determined that Keo had not proven that she would have been acquitted or convicted of a lesser-included offense if the jury had seen the documents. These documents, however, are not part of the record on appeal and *501 were not attached to the trial court’s order.
Because Keo stated a facially sufficient claim for ineffective assistance of counsel and because the trial court did not refute this claim, we reverse and remand for the trial court to either attach records that conclusively refute Keo’s claim or conduct an evidentiary hearing.
Reversed and remanded.
STRINGER and CANADY, JJ., concur.